Page 1 of 4

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**ASHLEY HENDRIX,**

    **Plaintiff,**

**vs.**                                                          Case No. 4:18cv366-RH/CAS

**APALACHEE CENTER,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, filed an amended complaint on September 24, 2018. ECF No. 8. Plaintiff, who was granted leave to proceed with in forma pauperis status, was directed to file an amended complaint and clarify the nature and basis of this action. ECF No. 7. Plaintiff's amended complaint, ECF No. 8, now more clearly asserts that the relief she seeks is to require the Defendant to correct her medical records to remove inaccurate information. She indicates that she has been harmed in the wrongful disclosure of the inaccurate medical records to the Social Security Office, but she is not seeking to use this case to challenge the decision of the Social Security administration. ECF No. 8 at 3-4.

Plaintiff's amended complaint does not plausibly allege the violation of federal law or the United States Constitution.  Although the complaint was submitted on a civil rights form, the Defendant is a private entity and not a "state actor" and cannot be sued under 42 U.S.C. § 1983.  To state a claim under § 1983, "a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived [her] of a right, privilege, or immunity protected by the Constitution or laws of the United States."  Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985). Thus, it must be shown "both (1) that the defendant deprived her of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law."  Arrington v. Cobb Cnty., 139 F.3d 865, 872 (11th Cir. 1998) (quoted in Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011)).  Plaintiff has not met either requirement. Plaintiff has not shown the deprivation of any constitutional right, nor has Plaintiff shown that the Defendant is a "state actor."  See Paisey v. Vitale In and For Broward Co., 807 F.2d 889, 892 (11th Cir. 1986); Lugar v. Edmondson Oil Co., 457 U.S. 922, 930, 102 S. Ct. 2744, 2750, 73 L. Ed. 2d 482 (1981); Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155, 98 S. Ct. 1729, 1732, 56 L. Ed. 2d 185 (1978).

Additionally, Plaintiff's complaint does not clearly state a claim against the Defendant.  While Plaintiff may be understandably upset that erroneous information has been included in her medical records, that is insufficient to state a federal claim.

As noted previously, see ECF No. 7, to the degree Plaintiff may be attempting to assert the violation of a right to privacy under HIPAA, that claim cannot proceed.  "HIPAA generally provides for confidentiality of medical records and governs the use and disclosure of protected health information by covered entities that have access to that information and that conduct certain electronic health care transactions." Sneed v. Pan Am. Hosp., 370 F. App'x 47, 50 (11th Cir. 2010) (citing to 45 C.F.R. § 164.502).  However, enforcement of the statute is limited to the Secretary of Health and Human Services or the attorney general of a State.  42 U.S.C. §§ 1320d-5(a)(1), 1320d-5(d)(1), 1320d-5(d)(4), 1320-5(d)(7).  Plaintiff cannot bring a "private cause of action" to allege a HIPAA violation. Sneed, 370 F. App'x at 50.  Furthermore, there must be a "knowing" violation of HIPAA's privacy regulations, see 42 U.S.C. § 1320d-6(a), which would exclude the inadvertent or mistaken inclusion of another person's identifiable health information in Plaintiff's file.

For all of the foregoing reasons, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 8, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on September 26, 2018.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**
**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**